UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SENESIE SHERIFF and <br> MINETTE SHERIFF, <br>     *Plaintiffs*, <br><br> v. <br><br> LOANCARE, LLC and FEDERAL <br> HOME LOAN MORTGAGE <br> CORPORTATION, <br>     *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-18-467 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant LoanCare, LLC's motion to dismiss. Dkt. 12. Plaintiffs Senesie and Minette Sheriff responded. Dkt. 15. After considering the motion, response, and the applicable law, the court is of the opinion that the motion should be GRANTED.

**I. Background**

This is a foreclosure case.[1] The dispute arises from real property located at 8426 Brompton Place Drive, Houston, Texas, 77083. Dkt. 10 at 2. On June 24, 2004, the Sheriffs executed a mortgage note on the property secured by a deed of trust. Dkt. 10-1. The note lists Prestige Lending Services, Ltd., as the lender. *Id*. It lists Mortgage Electronic Registration System ("MERS") as the beneficiary of the deed of trust. Dkt. 10-2.

---

[1] For the purposes of the motion to dismiss, the court accepts all well-pled facts contained in the Sheriffs' first amended complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

On January 9, 2018, the Sheriffs received a notice of default. Dkt. 15 at 3. The notice listed Federal Home Loan Mortgage Corporation ("Freddie Mac") as the mortgagee.[2] Dkt. 15-1. Before then, the Sheriffs did not know Freddie Mac was involved in their loan. Dkt. 15 at 3 (citing Dkt 15-1).

On January 15, 2018, the Sheriffs received a foreclosure notice. Dkt. 1-2. In that notice, LoanCare set the foreclosure sale for February 6, 2018. *Id.* On February 1, 2018, LoanCare received a qualified written request from the Sheriffs. Dkt. 10-3. LoanCare did not acknowledge that request. *Id.* Nor did it respond. *Id.* On February 2, 2018, LoanCare sent a letter to the Sheriffs identifying Freddie Mac as the owner of the note. Dkt. 15 at 3.

On February 5, 2018, the Sheriffs sued LoanCare and Freddie Mac in state court. Dkt. 1; Dkt. 1-2. LoanCare removed and filed a motion to dismiss. Dkt. 3. Because the Sheriffs amended their complaint, LoanCare's first motion to dismiss is DENIED as MOOT. Dkt. 10. LoanCare filed another 12(b)(6) motion to dismiss. Dkt. 12.

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted). In considering a Rule 12(b)(6) motion, courts accept the factual allegations contained in the complaint as true. *Kaiser Aluminum.*, 677 F.2d at 1050. The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[2]The Sheriffs have not served Freddie Mac. Accordingly, their suit against it is DISMISSED without PREJUDICE for want of prosecution.

2

allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009). "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp.2d 654, 658 (S.D. Tex. 2012) (Ellison, J).

### III. Analysis

The Sheriffs sued LoanCare: (1) for violating the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"); (2) to get a declaratory judgment as to LoanCare's authority to foreclose and collect on the note; and (3) to quiet title. Dkt. 10. LoanCare moves to dismiss under Rule 12(b)(6). Dkt. 13.

**A.    RESPA**

Under § 2605 of RESPA, when a loan servicer receives a qualified written request from a borrower, the servicer must respond, in writing by acknowledging receipt of correspondence within five days. 12 U.S.C. § 2605(e). The servicer must respond to the borrower within thirty days with the relevant information. *Id*. In addition, "a plaintiff must allege actual damages resulting from a violation of § 2605." *Hurd v. BAC Home LoansServicing, LP*, 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012). Because § 2605(f) imposes liability for damages incurred because of a RESPA violation,

3

"[i]n order to state a claim for a RESPA violation in connection with a qualified written request, a plaintiff must allege actual damages resulting from a violation of § 2605." *Renfrow v. CTX Mortg. Co., LLC*, No. 3:11-CV-3132-L, 2012 WL 3582752, at *7 (N.D. Tex. Aug. 20, 2012).

The Sheriffs allege that LoanCare violated two provisions of RESPA. Dkt. 10 at 1. First, the Sheriffs allege that LoanCare needed—but failed—to acknowledge receipt of their qualified written request within five days. *Id*. at 3. Second, the Sheriffs allege than LoanCare needed—but failed—to respond to that request within thirty days. *Id.*

LoanCare argues that the Sheriffs cannot recover for these alleged RESPA violations because the Sheriffs did not allege that they suffered damages. Dkt. 13 at 4. In support, LoanCare cites two cases. *Id.* (citing *Hurd*, 880 F. Supp. 2d at 768; *Enis v. Bank of Am., N.A.*, No. 3:12-CV-0295-D, 2013 WL 840696, at *3 (N.D. Tex. Mar. 7, 2013)). The Sheriffs respond that the amount of damages they seek deals with the remedy, not an element of their claim. Dkt. 15 at 4.

In *Hurd*, the plaintiff failed to allege any facts that would give rise to a reasonable inference that she had suffered any actual damages from the defendant's § 2605(e) violation. 880 F. Supp. 2d at 769. As a result, the court concluded that she failed to state a claim. *Id*. at 768.

The Sheriffs did not allege that they suffered any actual damages as a result of LoanCare's failure to respond. *See* Dkts. 10, 15. Like *Hurd* borrower, the Sheriffs do not allege any facts that would give rise to a reasonable inference that they suffered any damages as resulting from LoanCare's failure to respond. *Compare* Dkt. 15, *with Hurd*, 880 F. Supp. 2d at 768; *See also Renfrow*, 2012 WL 3582752, at *7. Thus, the Sheriffs have not sufficiently stated a claim under Rule 12(b)(6). Therefore, LoanCare's motion to dismiss as to both RESPA violations is GRANTED. Accordingly, the Sheriffs' claims are DISMISSED with PREJUDICE.

## B. Declaratory judgment

The Sheriffs seek relief under the Texas Declaratory Judgment Act. Dkt. 10 at 4. "When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at * 8 (S.D. Tex. Feb. 21, 2012) (Ellison, J). To be entitled to a declaratory judgment, the plaintiff "must allege facts demonstrating that there exists 'a substantial and continuing controversy between the two adverse parties.'" *Svoboda v. Bank of Am., N.A.*, 964 F. Supp. 2d 659, 673 (W.D. Tex. 2013) (citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). Those factual allegations must show a substantial likelihood that the plaintiff will suffer future injury. *Bauer*, 341 F.3d at 358. "And the continuation of the dispute may be reasonably inferred." *Id*. In addition, "the availability of a declaratory judgment depends on the existence of a judicially remediable right." *Hurd*, 880 F. Supp 2d at 769.

The Sheriffs allege that LoanCare cannot foreclose because it is not a real party in interest to the note or deed of trust. Dkt. 10 at 4. The Sheriffs ask the court to determine the parties' rights and obligations with respect to the property. *Id*. at 3. Specifically, they ask the court to determine: (1) is any defendant the current assignee of the deed of trust; and (2) is any defendant the current holder or owner of the underlying note? *Id*. They also seek a declaration that LoanCare and Freddie Mac: (1) are not the valid beneficiaries of the deed of trust; (2) are not the valid noteholders or owners; and (3) do not have the power of sale pursuant to the deed of trust. *Id*. at 3–4. The Sheriffs assert that because they are a proper party to the deed of trust they are able to seek a remedy to a nonjudicial foreclosure. *Id*. at 4. In support, they cite *Reinagel v. Deutche*, 735 F.3d 220 (5th Cir. 2013) (applying Texas law). *Id*.

5

LoanCare argues that the request is moot because the planned foreclosure sale did not occur and has not been reset. Dkt. 13 at 13. As a result, LoanCare argues no live controversy exists. *Id*. In support, LoanCare cites *Chance v. Aurora Loan Services., L.L.C.*, No. 3:11-CV-1237-BH, 2012 WL 912939. at * 8 (N.D. Tex. Mar. 19, 2012). *Id*. *Chance* dismissed the plaintiff's request for a declaratory judgment because the foreclosure sale did not occur as originally scheduled and was not reset. *Chance*, 2012 WL 912939, at *8. In addition, LoanCare urges the court to deny the request because it is dependent on the underlying causes of action, none of which are viable. Dkt. 13 at 14.

The Sheriffs' request for declaratory judgment is not supported by any viable claims. They did not allege any facts that would lead to a conclusion that a live controversy exists. Because the foreclosure sale did not occur and it has not been reset, there is no real and immediate controversy. Dkt. 13 at 1. Thus, the Sheriffs have no right to relief under the federal Declaratory Judgment Act. *See Henry v. CitiMortgage*, *Inc*., No. 4:11-CV-83, 2011 WL 2261166, at * 8–9 (E.D. Tex. May 10, 2011). Accordingly, LoanCare's motion to dismiss is GRANTED. The Sheriffs' request for a declaratory judgment is DISMISSED with PREJUDICE.

**C.  Quiet Title**

"A party's concession of an issue means the issue is waived and may not be revived." *Smith v. United States*, 328 F.3d 760, 770 (5th Cir. 2003) (party waived arguments at summary judgment when its brief expressly conceded bases of recovery for some of its claims). The Sheriffs waived their action for quiet title. *Compare* Dkt. 10 at 6 ("LoanCare has clouded the Sheriffs title by claiming that Loancare has a lien for security purposes on the Sheriff's [sic] property"), *and* Dkt. 15 at 5 ("There is no 'cloud' on Plaintiff's [sic] title to be removed as neither Defendant nor its alleged principal have filed anything in the real property records of Harris County to create such a cloud, or produced an instrument which would create such a cloud"), *with Smith*, 328 F.3d at 770.

Accordingly, LoanCare's motion to dismiss is GRANTED and the Sheriffs' action to quiet title is DISMISSED with PREJUDICE.

### IV. Conclusion

LoanCare's first motion to dismiss (Dkt. 3) is DENIED as MOOT and its second motion to dismiss (Dkt. 12) is GRANTED. The Sheriffs' claims against LoanCare are DISMISSED with PREJUDICE. The Sheriffs' claims against Freddie Mac are DISMISSED without PREJUDICE.

Signed at Houston, Texas on August 8, 2018.

_____
Gray H. Miller
United States District Judge